# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs December 13, 2011

## STATE OF TENNESSEE v. TANYA FINNEY

### Appeal from the Circuit Court for Rutherford County
### No. F65432    Don R. Ash, Judge

### No. M2011-01221-CCA-R3-CD

The defendant pled guilty to one count of simple possession of marijuana, reserving a certified question of law concerning the legality of her detention and warrantless search by police. After carefully reviewing the record and the arguments of the parties, we conclude that the defendant has failed to clearly outline the scope and limits of the question presented at the trial court level and thus has failed to properly preserve her certified question. We dismiss the appeal accordingly.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which JOSEPH M. TIPTON, P.J., and JAMES CURWOOD WITT, JR., J., joined.

Gerald L. Melton, Public Defender, and Sean G. Williams, Assistant Public Defender, for the appellant, Tanya Finney.

Robert E. Cooper, Jr., Attorney General and Reporter; Nicholas W. Spangler, Assistant Attorney General; William Whitesell, District Attorney General; and Jennings Jones, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### FACTS AND PROCEDURAL HISTORY

On November 2, 2010, the defendant, Tanya Finney, was indicted for knowingly possessing a Schedule VI controlled substance, a Class A misdemeanor, in violation of Tennessee Code Annotated section 39-17-418, and knowingly possessing an open container of alcohol while operating a motor vehicle, a Class C misdemeanor, in violation of Tennessee

Code Annotated section 55-10-416. The defendant filed a pretrial motion to suppress, and at a pretrial hearing held by the trial court on February 14, 2011, the following evidence was presented:

The first witness for the State was Officer Tracy Womack of the Murfreesboro Police Department. Officer Womack testified that on March 9, 2010, she assisted a local probation office with a search of its parking lot. Officer Womack testified that while she was doing so, a vehicle pulled into the parking lot to drop off a probationer. Officer Womack testified that the defendant was a passenger in this vehicle.

Officer Womack testified that another individual asked the driver for consent to search the vehicle, and the driver consented. Officer Womack testified that she approached the vehicle and spoke to the defendant, who was seated in the passenger side. She testified that she asked the defendant to step out of the vehicle, and the defendant did so. Officer Womack testified that the defendant had an open container of beer with her. Officer Womack testified that she saw the defendant's purse lying in the car seat after the defendant exited the vehicle. Officer Womack testified that she asked the defendant for consent to search the purse and consent was granted.

Officer Womack testified that when she searched the defendant's purse she found a small amount of green plant material that she believed was marijuana. She testified that she sent this plant material to the lab for analysis and that the lab results reflected that the material was indeed marijuana.

On cross-examination, Officer Womack testified that searches of the parking lots of probation offices are done periodically throughout the year. Officer Womack testified that their intent in conducting the searches is to search every vehicle that comes into a given probation office's parking lot. Officer Womack testified that during these searches if a vehicle enters the parking lot, it is searched, even if it is driven by someone who is not on probation or parole. She testified that she believed that these searches were based on consent. She testified that when such searches are being performed, she walks up to every vehicle entering the parking lot and says "we are conducting parking lot searches today," and "[d]o you have any objections to your vehicle being searched?" She testified that if an individual were to object to having their vehicle searched, he or she would be asked to leave the property.

Officer Womack further testified that she had never had anyone state to her that they objected to having the vehicle searched when she was conducting such parking lot searches. She testified that the purpose of conducting such searches was to find "contraband," by which she meant "[a]nything that's illegal."

The next witness for the State was Missy Peterson, a probation and parole officer. Ms. Peterson testified that on March 9, 2010, she was conducting a parking lot search when she came into contact with the defendant. She testified that her memory was not clear, but she believed that there were three people in the vehicle that was occupied by the defendant. She testified that all three were asked to exit the vehicle.

She testified that the driver had finished parking the vehicle in the parking lot prior to being approached by the officers. She testified that after the vehicle was parked, Officer Womack contacted the occupants about searching the vehicle. When she was asked what would happen if an individual refused to give consent, Ms. Peterson stated that she did not know, because it had never happened. She stated that it was her belief, however, that the person driving the vehicle would be told to leave the premises.

On cross-examination, Ms. Peterson testified that she was present while the defendant's purse was being searched, but it was Officer Womack who found the marijuana. She testified that Officer Womack also made the initial contact with the vehicle. She testified that there were no signs in the parking lot stating that anyone who entered the premises would be subject to search. She testified that anyone who arrived that day would have had no idea that parking lot searches were being conducted.

After presenting this testimony, the State rested, and the defense presented no witnesses. The trial court took the issue under advisement and later entered a written order denying the defendant's motion to suppress. On April 27, 2011, the defendant pled guilty to simple possession of marihuana, which was conditioned on her reservation of a certified question of law. The open container violation was dismissed. On May 2, 2011, judgment was filed and the defendant was sentenced to pretrial diversion for eleven months, twenty-nine days. The defendant filed a timely notice of appeal of her certified question, which we now address.

## ANALYSIS

The defendant's certified question is:

Whether the approach of the Defendant's vehicle, the subsequent warrantless search thereof, the seizure of evidence from the vehicle and the contemporaneous questioning of her by law enforcement officers on the scene was unreasonable, illegal and in violation of the Fourth and Fifth Amendments to the Constitution of the United States, and Article One, Section VII and Section IX of the Constitution of the State of Tennessee?

-3-

However, we may not address these issues because the certified question reserved by the defendant did not clearly outline the scope and limits of the question presented as required by existing precedent. Therefore the defendant has failed to establish her entitlement to bring the appeal, and her appeal is dismissed accordingly.

As a general rule, defendants who plead guilty to a crime have no right to appeal. *See* Tenn. R. Crim. P. 37(b)(2). However, Tennessee permits a criminal defendant to bring an appeal after pleading guilty to a crime, if, *inter alia*, the guilty plea was a "conditional" one reserving a certified question of law, *see* Tenn. R. Crim. P. 11(a)(3), and certain other requirements are met. Chief among these is the requirement that "the question of law as stated in the judgment or order reserving the certified question identifies clearly the scope and limits of the legal issue reserved." Tenn. R. Crim. P. 37(b)(2)(A)(ii). The State argues that the certified question reserved by the defendant fails to meet this requirement, and we agree.

Our state supreme court warned long ago that:

[W]here questions of law involve the validity of searches and the admissibility of statements and confessions, *etc*., the reasons relied upon by defendant in the trial court at the suppression hearing must be identified in the statement of the certified question of law and review by the appellate courts will be limited to those passed upon by the trial judge and stated in the certified question, absent a constitutional requirement otherwise. Without an explicit statement of the certified question, neither the defendant, the State nor the trial judge can make a meaningful determination of whether the issue sought to be reviewed is dispositive of the case. Most of the reported and unreported cases seeking the limited appellate review pursuant to Tenn.R.Crim.P. 37 have been dismissed because the certified question was not dispositive.

*State v. Preston*, 759 S.W.2d 647, 650 (Tenn. 1988). "*Preston* puts the burden of reserving, articulating, and identifying the issue upon the defendant." *State v. Pendergrass*, 937 S.W.2d 834, 838 (Tenn. 1996).

In the instant appeal, the defendant's certified question is overbroad and non-specific. The defendant challenges the validity of an alleged search and an ensuing seizure but does not state the reasons she relied upon in the trial court. From our review of the defendant's brief and relevant transcripts we discover that the defendant argued in the trial court that: (1) the State did not have the authority to search the defendant's vehicle simply because it had entered State property, and (2) the consent given by the defendant to the search of her pursue

was involuntary because no reasonable person would have felt free to leave or to decline such consent after having been ordered to exit the vehicle. These claims are not frivolous on their face.

However, the certified question reserved by the defendant in the trial court, as phrased, does not include the "reasons relied upon by defendant in the trial court at the suppression hearing" as required by *Preston*. *See id.* The certified question references a vehicle but does not mention state property, the State's authority to search vehicles entering state property (or lack thereof), consensual police-citizen encounters, reasonable suspicion, implied consent, or whether an individual's consent is rendered involuntary if it is given after an individual has been ordered from a vehicle. The certified question makes no reference to a purse whatsoever, even though the issue of consent with respect to the search of the purse was an integral part of the defendant's argument before the trial court at the suppression hearing. Broad terms contained in a certified question may not be cured by a defendant's narrower assertions in her appellate brief. *See, e.g., State v. Andre Jon Simmons, II*, No. W2011-01004-CCA-R3-CD, 2012 Tenn. Crim. App. LEXIS 472, at * 14 (Tenn. Crim. App. June 26, 2012).

Due to the defendant's failure to expressly state these reasons – the very reasons she relied upon in the trial court to argue that the search at issue was illegal – within the question itself, she has failed to clearly identify the scope and limits of the certified question preserved for review. Even if we were inclined to do so, the law does not permit us delve into the technical record of every case that might arise in an attempt to glean the defendant's grounds for challenging the admissibility of a search or confession, with the hope that we might properly determine whether the issue sought to be reviewed is fully dispositive of the case. Under these circumstances, the defendant's appeal must be dismissed. *See Preston,* 759 S.W.2d at 650.

## CONCLUSION

For the foregoing reasons, the defendant's appeal is dismissed.

_____
JOHN EVERETT WILLIAMS, JUDGE